Frederick v. Wells Fargo Home Mortgage

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of May, two thousand sixteen.

PRESENT: DENNIS JACOBS,
         BARRINGTON D. PARKER,
         REENA RAGGI,
                <u>Circuit Judges.</u>

- - - - - - - - - - - - - - - - - - - - -X
EZEKIEL FREDERICK, AARON T. FREDERICK,
DANIEL I. FREDERICK,
    <u>Plaintiffs-Appellants</u>,

    -v.-                        15-1457

WELLS FARGO HOME MORTGAGE, ET AL.,
    <u>Defendants-Appellees</u>.
- - - - - - - - - - - - - - - - - - - - -X

| | |
|---|---|
| **FOR APPELLANTS:** | Ezekiel Frederick, Aaron T. Frederick, Daniel I. Frederick, pro se, New York, NY. |
| **FOR APPELLEES:** | Allison J. Schoenthal, Lisa J. Fried, Chava Brandriss, Patrick |

1

Dempsey, Hogan Lovells US LLP, New York, NY; Andrew C. Glass, Roger L. Smerage, K&L Gates LLP, Boston, MA; Davis S. Versfelt, K&L Gates LLP, New York, NY; Daniel J. Herrera, Solomon & Herrera, PLLC, Levittown, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Irizarry, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Ezekiel, Aaron, and Daniel Frederick, appearing pro se, appeal from the judgment of the United States District Court for the Eastern District of New York (Irizarry, J.) dismissing their claims under the Fair Housing Act ("FHA") and the Equal Credit Opportunity Act ("ECOA") for failure to state a claim. In a nutshell, the Fredericks claim that the defendants engaged in a joint effort to wrongfully deny the Fredericks' mortgage applications under the Federal Housing Administration's 203(k) program because of their race and ethnicity. They allege the defendants accomplished this through the application of facially neutral FHA policies that had the effect of denying the Fredericks' mortgage loans and depriving them of rental income credits associated with those loans. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

1. As a threshold matter, we must determine whether we have jurisdiction over the appeals of Aaron and Daniel Frederick. A notice of appeal must "specify the party or parties taking the appeal by naming each one in the caption or body of the notice." Fed. R. App. P. 3(c)(1)(A). "A pro se notice of appeal is considered filed on behalf of the signer . . . unless the notice clearly indicates otherwise." Fed. R. App. P. 3(c)(2).

Here, while the notice of appeal was signed only by Ezekiel, the notice provides that the appeal was taken on behalf of "Ezekiel Frederick, et. al.," which is how Ezekiel referred to

2

himself, David, and Aaron in the complaint and on the case caption. Therefore, the notice "clearly indicates" that the appeal was intended to be taken on behalf of all three of them, and we have jurisdiction over each of their appeals.

**2.** We review the grant of a motion to dismiss de novo, accept as true all factual allegations, and draw all reasonable inferences in favor of the plaintiffs. Fink v. Time Warner Cable, 714 F.3d 739, 740-41 (2d Cir. 2013). To survive a Rule 12(b)(6) motion to dismiss, the complaint must plead enough facts to state a claim that is plausible, though a complaint filed pro se is held to a less stringent pleading standard than one filed by counsel. Ahlers v. Rabinowitz, 684 F.3d 53, 60 (2d Cir. 2012). We will liberally construe complaints filed pro se to state the strongest arguments that they suggest. Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006).

The district court properly dismissed the Fredericks' FHA and ECOA claims. The Fredericks argued that the defendants' use of facially neutral FHA policies had the effect of discriminating against the Fredericks because of their race and ethnicity, i.e., the defendants' conduct had a disparate impact. The Fredericks, however, failed to identify any specific policy or practice of the defendants that had such an effect. Even considering the additional allegations that the Fredericks made in their brief in opposition to the defendants' motion to dismiss, they failed to allege any statistical evidence specifically tied to the defendants or the group that the Fredericks claim suffers from discrimination. The Fredericks' allegations and arguments, even liberally construed, fail to state a plausible claim.

**3.** While a pro se complaint "should not be dismissed without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated," Shomo v. City of New York, 579 F.3d 176, 183 (2d Cir. 2009) (alterations omitted), leave to replead need not be granted when it would be "futile," Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).

3

The operative complaint that the district court dismissed was the second amended complaint. True, the first amended complaint had mostly cosmetic changes and the second amended complaint was in substance identical to the first amended complaint; but this suit is not the first time the Fredericks have sought relief for the discrimination they claim to have suffered. In 2012, based on the same conduct that gave rise to this action, the Fredericks filed a complaint with the New York State Division of Human Rights, and filed a civil complaint in the Eastern District of New York. The Division of Human Rights investigated the Fredericks' claims and concluded that there was no probable cause to believe any discrimination had occurred. The complaint filed in the Eastern District of New York was dismissed as frivolous. Therefore, this action is the Fredericks' third unsuccessful effort to advance the same claims.

As discussed above, the Fredericks' most recent allegations have failed to state a plausible claim, even considering the additional allegations raised in their opposition brief, and there is no reason to believe that another opportunity to replead would produce a viable claim. The district court properly concluded that any additional amendment would have been futile.

Accordingly, and finding no merit in the Fredericks' other arguments, we hereby **AFFIRM** the judgment of the district court.

                              FOR THE COURT:
                              CATHERINE O'HAGAN WOLFE, CLERK

4